### AND THE

## CORRECTION OF ERRORS,

#### OF THE

## STATE OF NEW-YORK,

### FEBRUARY, 1807.

Comfort Sands and others, *appellants,*
*against*
George Codwise and others, *respondents.*

THE appellants in this cause presented a petition to the court, praying, that all further proceedings might be stayed, until *Alexander Macomb*, who had been appointed an assignee of *Sands*, in the place of *Isaac Kibbe*, should be made a party in this suit. A rule to show cause having been granted, the counsel for the respondents insisted, that it was their right to open the argument of the motion, but the court decided, that the counsel in support of the petition should first be heard.

Where a decree had been pronounced in the court of chancery in a suit bro't by certain creditors of a bankrupt against the bankrupt, and his assignee and others, and afterwards the assignee was removed, and a new assignee appointed by a majority of the creditors of the bankrupt, and the cause having been brought by appeal to the Court of Errors, the appellants presented a petition for the stay of all proceedings, until the new assignee was made a party by the respondents, this court refused to grant a rule for the stay of proceedings. In arguing such a motion, the counsel for the petition are to be heard first.

IN ERROR.

ALBANY,
Feb. 1807.

Sands and
others.
v.
Codwise and
others.

The petition stated, that a suit had been commenced in the court of chancery, by the respondents, against the appellants, and against *Isaac Kibbe,* as the assignee of the estate and effects of *Comfort Sands,* one of the appellants, under a commission of bankruptcy, issued pursuant to the late bankrupt law of the *U. States,* and claiming, as creditors against him, certain things, founded as well on the bankruptcy of *Sands* as on the refusal of *Kibbe,* as assignee, to prosecute for the same. That the suit having proceeded, a decree was pronounced against the present appellants, who had entered their appeal to this court. That in *October* last, the creditors of *Sands,* who had proved their debts, or a major part of them, according to the provision of the bankrupt law, removed *Kibbe* from being assignee, and appointed *Alexander Macomb* in his stead, to whom an assignment had accordingly been executed by the commissioners and *Kibbe.* That no process had been served on *Macomb,* nor had he been made a party to this suit.

*Pendleton,* in support of the petition. This application is founded on an established principle of the court of chancery, that the court will not pronounce a final decree, until it can put a final end to all controversy, and prevent future litigation. For this purpose, all persons interested in the subject matter, must be made parties;\* and the court will delay a hearing, until all parties interested are brougut before the court. If any of the parties die, their representatives must be brought in, or if any new persons become interested, as in case of bankruptcy or marriage, they must be made parties.† So if the rights of parties are varied by subsequent events.‡ That a decree has been pronounced in the cause can make no difference in the application of the principle. A supplemental bill, in the nature of a bill of revivor, is necessary where a new assignee is appointed.§

\* *Mitford's Pleadings,* 144.

† 1 *Atk.* 290.
‡ 1 *Atk.* 291.

§ 3 *Atk.* 218.

*Riggs* and *Evertson*, contra. (*Hoffman* also, on the same side.) The new assignee was appointed in *October*, and he ought to have applied to the court below to be admitted [*]as a party. It is unprecedented in a court of appeals, nine months after the original decree has been pronounced, to compel the complainant below to add new parties. If *Macomb* were now added, he could not be a party to a decree already pronounced in a cause. The cases cited are, chiefly, where a change of parties in interest takes place by death, which is the act of God, and cannot be made use of for the purpose of delay; but if this application should succeed, it will be in the power of *Sands*, and some of his creditors, by changing the assignees from time to time, to keep this cause forever pending.—*Macomb* himself has not applied to be made a party. The decree is not against *Kibbe*; and *Macomb*, who merely succeeds to his right, could not therefore appeal from it. The estate of *Sands* is ordered to be sold for the benefit of his creditors, and *Macomb* will have the benefit of the decree as much as if he were a party. If an assignee refuses to act, or to allow the creditors to use his name, the right to sue becomes immediately vested in the creditors.* After this right has once vested, it is not in the power of the assignee, or any third person, to defeat it.

*Harison*, in reply. The assignee represents all the creditors, who are not complainants below, and he ought to be made a party, that he may watch the conduct of the complainants, and see that no undue advantage is taken of the other creditors. They might, for good reasons, decline being complainants themselves; yet as their rights may be affected by the conduct of the present complainants, they ought to be represented by the assignee. If it be necessary that the assignee should be a party at the commencement of the suit, it is requisite that he should be a party at the final termination of it. The assignee has rights after a decree pronounced, as well as before.

IN ERROR.

ALBANY,
Feb. 1807.

Sands and
others.
v.
Codwise and
others.

[* 487]

* 2 *Eq. Cases,
Ab.* 103. sec.
10. *Barnard,*
30. 33

IN ERROR.

ALBANY,
Feb. 1 '07.

Sands and
others
v.
Codwise and
others.

[* 488]

He has a right to petition for a rehearing. He is interested in the funds which are to be taken out of his hands, and placed in those of a master under the control of a minority of the creditors. He has a right to appeal from the [*]decision of the cause, to a higher tribunal, the supreme court of the *United States.* The creditors, if dissatisfied with an assignee, have a right to remove him, against his consent. He is as necessary a party as an administrator. If a decree should direct an account to be taken of the bankrupt's affairs, the assignee is interested to see to the making up of such account. Should such accounts be taken, or a final decree be pronounced on them, without the assignee being made a party, he would not be bound by such decree. And it is the interest of the respondents as well as the appellants, that all proper parties should be before the court, so that there may be a final end of litigation.

TOMPKINS, J. delivered the opinion of the court. On the refusal of *Kibbe,* to permit his name to be used as complainant in the court of chancery, the respondents acquired a right, as creditors of *Sands,* to proceed for themselves, and all such creditors as would contribute to the expenses of that suit. This right which became perfect by the conduct of the assignee, could not be devested by any subsequent change of the assignee; the latter merely came into the place of the former, and acquired no greater rights than he had. But the assignee can be viewed in no other light than a trustee for all the creditors; they are the persons beneficially interested. The appellants have no other concern with respect to proper parties, than that the final decree of the court may be conclusive and binding, whether for or against them. It cannot be doubted that they have that security, if the decree of this court be in their favour, because the assignee has no personal rights to be affected; for the creditors are the real persons, and their rights only are in litigation.

The authorities cited by the appellant's counsel, are not analagous to the present case; they relate only to making persons, becoming interested, parties, in a court having original jurisdiction, and not to a case before a court of the last resort.

[*] It has been said, that the assignee ought to be a party to protect the interest of the creditors, who are not parties to this suit. It is a sufficient answer to say, that the respondents are the best representatives of the rights of the creditors; their own interest is inseparable from that of all concerned.

It would be oppressive, as respects the respondents, to admit a further procrastination of the cause, without the most solid and valid reasons.

The decree only declares the sales made by *Sands* fraudulent, and directs the property to be sold, and the money brought into court, subject to such distribution as the chancellor shall direct. The rights of the creditors are, therefore, not concluded, or prejudiced by *Macomb's* not being made a party. There is weight also, in the argument urged by the respondents' counsel, that if the appeal is to be arrested by a change of the assignee, it will always be in the power of a portion of the creditors to defeat a final determination. If the change of the assignee can prejudice the rights of the creditors, it will be produced by their own act, which ought not to be permitted to operate to the injury of the respondents.

The motion must, therefore, be denied.(a)

---

(a) M. Justice *Spencer*, on account of extreme sickness in his family, did not attend this session of the Court of Errors.